**APPELL v. UNITED STATES.**
No. 48948.

United States Court of Claims.
May 4, 1954.

---

Monroe Oppenheimer, Washington, D. C., for plaintiff.

Francis X. Daly, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, and MADDEN, Judges.

MADDEN, Judge.

Our Finding No. 3 in this case is, in part, as follows:

"3. By direction of the President under authority contained in Public Resolution No. 96, 76th Congress, approved August 27, 1940, the plaintiff was ordered to active duty effective December 2, 1940. This order provided in part as follows:

"On that date [December 2, 1940] he [plaintiff] will proceed without delay from his home to Fort Devens, Mass., reporting in person upon arrival to the Commanding Officer for extended active duty with Company 'B', 84th QM Battalion. * * *

"If not sooner relieved, this reserve officer will return to his home from such place as he may be on duty, in time to arrive thereat on December 1, 1941, on which date he will revert to inactive status."

Public Resolution No. 96, referred to in the Finding, appears in 54 Stat. 858, 50 U.S.C.A. Appendix § 401. It provided in pertinent part as follows:

"During the period ending June 30, 1942, * * * the President * * * is hereby, authorized from time to time to order into the active military service of the United States for a period of twelve consecutive months each, any or all members and units of any or all reserve components of the Army of the United States * * * with or without their consent, to such extent and in such manner as he may deem necessary for the strengthening of the national defense: * * *."

In our former consideration of the case we assumed that by some valid order or direction the active duty periods of reserve officers had been extended, so that the plaintiff's active duty period would not have, but for the matter of his resignation, terminated on December 1, 1941. We so assumed because the parties made no mention, in briefs and arguments, of this obviously important point in the case.

We have now made an express inquiry of the parties as to this point, and it appears that the plaintiff's active duty period would have terminated on December 1, 1941, unless he had been affirmatively ordered to further active duty. In the circumstances, and considering the attitude which the plaintiff's superior officers had toward him, we have no reason to presume that he would have been so ordered.

The plaintiff's suit for active duty pay is only for the period from June 24, 1943, to October 15, 1945, during which he served in the Army as a private, having been inducted under the draft. This was not, of course, a recall to active duty under his commission as a Reserve Officer, and did not entitle him to the pay of an officer. Since the plaintiff's suit does

not cover the period from November 11, 1941, when the plaintiff's active duty under his commission was purportedly terminated, and December 1, 1941, when his active duty would have terminated under his orders, and since, because of that termination, he was not entitled to active duty pay after the latter date, the plaintiff is not entitled to recover.

Our former decision is reconsidered and modified, and the plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and WHITAKER and LITTLETON, Judges, concur.